UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| SAN ANTONIO FIRE AND POLICE PENSION FUND and FIRE AND POLICE HEALTH CARE FUND, SAN ANTONIO,<br><br>                  Plaintiffs,<br><br>v.<br><br>DOLE FOOD COMPANY, INC., DAVID H. MURDOCK and C. MICHAEL CARTER,<br><br>                  Defendants. | **Case No. 1:15-cv-01140-SLR**<br><br>**CLASS ACTION** |

# MEMORANDUM OF LAW IN SUPPORT OF THE MOTION OF THE DOLE INVESTOR GROUP TO BE APPOINTED LEAD PLAINTIFF AND TO APPROVE PROPOSED LEAD PLAINTIFF'S CHOICE OF COUNSEL

**RIGRODSKY & LONG, P.A.**
Brian D. Long (#4347)
2 Righter Parkway, Suite 120
Wilmington, DE 19803
Tel: (302) 295-5310
Fax: (302) 654-7530
Email: bdl@rl-legal.com

*Counsel for the Dole Investor Group and Proposed Liaison Counsel for the Class*

Charles J. Piven
Yelena Trepetin
**BROWER PIVEN**
  A Professional Corporation
1925 Old Valley Road
Stevenson, MD 21153
Telephone: (410) 332-0030
Facsimile: (410) 685-1300
Email: piven@browerpiven.com
Email: trepetin@browerpiven.com

*Counsel for the Dole Investor Group and Proposed Lead Counsel for the Class*

February 8, 2016

# TABLE OF CONTENTS

TABLE OF AUTHORITIES ..............................………………………….….………ii

PRELIMINARY STATEMENT ........................................................................................1

NATURE AND STAGE OF THE PROCEEDINGS ..……………………….……………2

SUMMARY OF THE ARGUMENT ......................………………………………………3

STATEMENT OF FACTS ....................………………………………………………….3

LEGAL ARGUMENT............................…………………………….……………………4

I.    THE DOLE INVESTOR GROUP SHOULD BE APPOINTED
LEAD PLAINTIFF…………………………………………………….........................4

    A.    The Procedural Requirements Pursuant to the PSLRA ......................……………4

    B.    The Dole Investor Group Is "The Most Adequate Plaintiff" ...............................……5

        1.    The Dole Investor Group Has Complied With the
PSLRA and Should Be Appointed Lead Plaintiff..........................…………..5

        2.    The Dole Investor Group Has the Largest Financial
Interest……..................……………………………………………………….6

        3.    The Dole Investor Group Satisfies the Requirements
of Rule 23……………………………………………………........................7

II.    THE COURT SHOULD APPROVE THE DOLE INVESTOR
GROUP'S CHOICE OF COUNSEL……………………………………….......................8

CONCLUSION……………………………………………………...........................9

# TABLE OF AUTHORITIES

**CASES**

*Bobrow v. Mobilmedia, Inc.,* No. 96-4715,
  1997 U.S. Dist. LEXIS 23806 (D.N.J. Mar. 31, 1997) ...................................................... 6

*In re Cavanaugh,*
  306 F.3d 726 (9th Cir. 2002) ............................................................................................ 6

*City of Sterling Heights Gen. Employees Ret. Sys. v. Hospira, Inc.,*
  No. 11-8332, 2012 U.S. Dist. LEXIS 54081 (N.D. Ill. Apr. 18, 2012) ............................. 6

*In re Comverse Tech., Inc. Sec. Litig.,* No. 06-01825,
  2007 U.S. Dist. LEXIS 14878 (E.D.N.Y. Mar. 2, 2007) .................................................. 7

*City of Roseville Employees' Ret. Sys. v. Horizon Lines, Inc.*, No. 08-969,
  2009 U.S. Dist. LEXIS 62572 (D. Del. June 18, 2009)……………………………….. 7

*Dura Pharms., Inc. v. Broudo,*
  544 U.S. 336 (2005) ..................................................................................................... 6, 7

*Espinoza v. Whiting,* No. 4:12-1711,
  2013 U.S. Dist. LEXIS 6227 (E.D. Mo. Jan. 16, 2013) .................................................. 7

*K-V Pharm. Co. Sec. Litig.,* No. 4:11-1816,
  2012 U.S. Dist. LEXIS 62161 (E.D. Mo. May 3, 2012) .................................................. 7

*Marjanian v. Allied Nevada Gold Corp.,*
  No. 3:14-cv-0175-LRH-WGC, Order (D. Nev. Nov. 7, 2014) ........................................ 7

*In re Milestone Sci. Sec. Litig.,*
  183 F.R.D. 404 (D.N.J. 1998) .......................................................................................... 6

*In re Oxford Health Plans, Inc. Sec. Litig.,*
  182 F.R.D. 42 (S.D.N.Y. 1998) ....................................................................................... 6

*Perlmutter v. Intuitive Surgical, Inc.,* No. 10-03451,
  2011 U.S. Dist. LEXIS 16813 (N.D. Cal. Feb. 15, 2011) ................................................ 7

*Prefontaine v. Research In Motion Ltd.,* No. 11-4068,
  2012 U.S. Dist. LEXIS 4238 (S.D.N.Y. Jan. 5, 2012)…………………………………7

*Shah v. GenVec, Inc.,*
  No. 8:12-00341, Order (D. Md. Apr. 26, 2012) ............................................................... 7

*In re Vicuron Pharms., Inc. Sec. Litig.*,
 225 F.R.D. 508 (E.D. Pa. 2004) ..................................................................................7, 8

*Weltz v. Lee,*
 199 F.R.D. 129 (S.D.N.Y. 2001) ......................................................................................6

## **STATUTES AND RULES**

15 U.S.C. §78u-4 ............................................................................................................ *passim*

Fed. R. Civ. P. 23 ............................................................................................................ *passim*

**PRELIMINARY STATEMENT**

The Dole Investor Group (or "Movants"),[1] a small, cohesive group of three members, submits this memorandum in support of its motion to: (1) appoint it as Lead Plaintiff pursuant to Section 21D(a)(3)(B) of the Securities Exchange Act of 1934 ("Exchange Act"), 15 U.S.C. §78u-4(a)(3)(B), as amended by Section 101(b) of the Private Securities Litigation Reform Act of 1995 ("PSLRA"); and (2) approve its selection of Brower Piven, A Professional Corporation ("Brower Piven"), as Lead Counsel for the Class, and Rigrodsky & Long, P.A. ("Rigrodsky & Long") as Liaison Counsel for the Class.

As described in the Loss Chart, attached to the Long Declaration at Exhibit B, the Dole Investor Group has suffered a loss of approximately $258,628.04, as a result of its sales of Dole Food Company, Inc. ("Dole" or "Company") common stock between January 2, 2013 and October 31, 2013, inclusive ("Class Period"). To the best of its knowledge, it has sustained the largest loss of any investor seeking to be appointed Lead Plaintiff.

In addition to demonstrating the largest financial interest in the outcome of this litigation, the Plaintiff's Certification of each member of the Dole Investor Group evidences his/its intent, through Mr. Long's sworn testimony, to serve as Lead Plaintiff in this litigation, including his/its acknowledgment of the duties each undertakes serving in that role, and serves as affirmative evidence that each member satisfies the requirements of Rule 23 of the Federal Rules of Civil

---

[1] The Dole Investor Group is comprised of Daniel R. Long III ("Mr. Long"), the D.R. Long Foundation (of which Mr. Long is President), and the Daniel R. Long III Revocable Living Trust, dated 9/17/91 (of which Mr. Long is a Trustee). Though Movants move together as a group, alternatively, each agrees to have the Court consider his/its losses individually and appoint any of them, individually, should the Court so desire. *See* Declaration Of Brian D. Long ("Long Decl." or "Long Declaration"), Exhibit A.

Procedure ("Rule 23") (15 U.S.C. §78u-4(a)(3)(B)(iii)(cc)).[2] Each member of the Dole Investor Group fully understands the duties and responsibilities of a lead plaintiff to the Class, and has confirmed that he/it is ready, willing and able to oversee the vigorous prosecution of this Action. *See* Long Decl., Exhibit A, ¶3 ("Plaintiff is willing to serve as a representative party on behalf of the class, including providing testimony at deposition and trial, if necessary"; "Plaintiff wants to serve as a lead plaintiff . . . , and Plaintiff understands that a lead plaintiff is a representative party who must act on behalf of and in the best interests of other class members in directing the action"; "If Plaintiff is appointed as lead plaintiff . . . Plaintiff is ready, willing and able to diligently fulfill the obligations of a lead plaintiff and representative party"); *see also id.* at ¶6 ("Plaintiff will not accept any payment for serving as a representative party on behalf of the class beyond the Plaintiff's pro rata share of any recovery, except such reasonable costs and expenses (including lost wages) directly relating to the representation of the class as ordered or approved by the court. Plaintiff understands that this is not a claim form and that Plaintiff's ability to share in any recovery as a member of the class is unaffected by Plaintiff's decision to serve as a representative party. Plaintiff has chosen to seek involvement in this litigation as a Lead Plaintiff in order to choose which counsel will represent Plaintiff and the class").

The Dole Investor Group satisfies both of the applicable requirements of the PSLRA and Rule 23, and it is presumptively the "most adequate plaintiff."

## NATURE AND STAGE OF THE PROCEEDINGS

This Action was filed in this Court on December 9, 2016. Pursuant to 15 U.S.C. §78u-4(a)(3)(A)(i), on December 10, 2016, the first notice that a class action had been initiated against

---

[2]  The PSLRA authorizes any member of the putative Class seeking to be appointed Lead Plaintiff to either file a complaint or move for appointment as Lead Plaintiff. *See* 15 U.S.C. §78u-4(a)(3)(B)(iii). Copies of the Plaintiff's Certification of each member of the Dole Investor Group are attached as Exhibit A to the Long Declaration.

2

defendants was published on *Marketwired*, advising members of the proposed Class of their right to move the Court to serve as Lead Plaintiff no later than 60 days from the notice (February 8, 2015). *See* Long Decl., Exhibit C. The members of the Dole Investor Group are members of the Class (*see* Long Decl., Exhibit A) and the Dole Investor Group has timely moved for appointment as Lead Plaintiff under the PSLRA within the required 60-day timeframe. This Action is in the preliminary stages of litigation and requires the appointment of a lead plaintiff and lead counsel.

## SUMMARY OF THE ARGUMENT

1.   The Dole Investor Group believes it has suffered the largest financial loss of any movant seeking appointment as lead plaintiff in this matter and, as such, has the largest financial interest in the outcome of this litigation. As the movant with the largest financial interest that otherwise meets the applicable requirements of Rule 23, it should be appointed lead plaintiff.

2.   Pursuant to 15 U.S.C. §78u-4(a)(3)(B)(v), the Dole Investor Group's selection of counsel should be approved.

## STATEMENT OF FACTS[3]

This Action arises out of the Defendants' fraudulent scheme to acquire the publicly held shares of Dole, one of the world's largest producers of fresh fruit and vegetables, and convert the Company to a privately-held enterprise owned by Defendant Murdock. To implement their scheme, Defendants made a series of materially false and misleading negative statements about the Company's operations and finances that were intended to deceive the investing public and artificially lower the price of Dole's stock so that Defendant Murdock could buy the Company cheaply. Defendants' scheme resulted in Murdock purchasing Dole, Murdock's long-standing

---

[3]   The factual allegations are taken from the Complaint in the Action.

goal since the Company was forced to go private in 2009, for approximately $1.6 billion on November 1, 2013, the first day after the end of the Class Period.

The Class Period starts on January 2, 2013, when Defendants began releasing false, negative information designed to artificially depress the price of Dole's common stock. Specifically, Defendants made materially false and misleading statements concerning: (i) the Company's 2013 earnings guidance; (ii) the cost savings which the Company would achieve through a transaction with ITOCHU Corporation of Japan, one of Dole's partners and distributors; (iii) the true value of Dole's key real estate assets; and (iv) the cancellation of the Company's stock repurchase program in May 2013. Defendants made these statements knowingly and/or recklessly and for the purpose of artificially deflating the price of Dole's common stock for the benefit of Defendant Murdock – and to the great detriment of the Class. Defendants' false statements caused the price of Dole stock to fall as low as $9.27 per share before Defendant Murdock made his lowball offer of $12.00 per share to acquire the Company.

Accordingly, investors, including the Dole Investor Group, have suffered enormous financial losses by selling Dole stock at artificially reduced prices as a result of Defendants' wrongdoing.

## LEGAL ARGUMENT

## I. THE DOLE INVESTOR GROUP SHOULD BE APPOINTED LEAD PLAINTIFF

### A. The Procedural Requirements Pursuant to the PSLRA

The PSLRA sets forth a detailed procedure for the selection of a lead plaintiff to oversee securities class actions. *See* 15 U.S.C. §78u-4(a)(3). First, the plaintiff who files the initial action must, within 20 days of filing the action, publish a notice to the class informing class members of his right to file a motion for appointment as lead plaintiff. 15 U.S.C. §78u-

4(a)(3)(A)(i). Plaintiff in the Action, which was filed on December 9, 2015, published a notice on *Marketwired* on December 10, 2015 (*see* Long Decl., Exhibit C). This notice announced that applications for appointment as lead plaintiff had to be made by February 8, 2016. As the PSLRA notes, any member or members of the proposed Class may apply to the Court to be appointed as lead plaintiff, whether or not they have previously filed a complaint. 15 U.S.C. §78u-4(a)(3)(A) and (B).

Next, according to the PSLRA, within 90 days after publication of the initial notice of pendency of the action, the Court shall appoint as lead plaintiff the movant that the Court determines to be most capable of adequately representing the interests of Class members. *See* 15 U.S.C. §78u-4(a)(3)(B)(i). The PSLRA instructs that:

> [T]he court shall adopt a presumption that the most adequate plaintiff in any private action arising under this title is the person or group of persons that—
>
> > (aa) has either filed the complaint or made a motion in response to a notice…
> >
> > (bb) in the determination of the court, has the largest financial interest in the relief sought by the class; and
> >
> > (cc) otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure [pertaining to class actions].

15 U.S.C. §78u-4(a)(3)(B)(iii).

### B. The Dole Investor Group Is "The Most Adequate Plaintiff"

#### 1. The Dole Investor Group Has Complied With the PSLRA and Should Be Appointed Lead Plaintiff

The Dole Investor Group moves this Court to be appointed Lead Plaintiff and has timely filed the instant Motion to be appointed Lead Plaintiff. Moreover, the Dole Investor Group has the largest known financial interest in the relief sought by the Class. Further, the members of the Dole Investor Group have shown their willingness to represent the Class by signing sworn

Certifications detailing their transactions in Dole common stock during the Class Period and confirming their willingness, through Mr. Long, to discharge the obligations of class representatives in this Action. *See* Long Decl., Exhibit A.

Small, related and cohesive groups like the Dole Investor Group have routinely been appointed as Lead Plaintiff in securities class actions. *Weltz v. Lee*, 199 F.R.D. 129, 133 (S.D.N.Y. 2001); *see also City of Sterling Heights Gen. Employees Ret. Sys. v. Hospira, Inc.*, No. 11-8332, 2012 U.S. Dist. LEXIS 54081, at *22-*24 (N.D. Ill. Apr. 18, 2012); *In re Oxford Health Plans, Inc. Sec. Litig.*, 182 F.R.D. 42, 44-46 (S.D.N.Y. 1998) (holding that "the plain language of the PSLRA expressly contemplates the appointment of more than one lead plaintiff"); *In re Milestone Sci. Sec. Litig.*, 183 F.R.D. 404, 418 (D.N.J. 1998); *Bobrow v. Mobilmedia, Inc.*, No. 96-4715, 1997 U.S. Dist. LEXIS 23806, at *10 (D.N.J. Mar. 31, 1997). Therefore, the Dole Investor Group should be appointed Lead Plaintiff in this Action.

In addition, the Dole Investor Group has selected and retained highly competent counsel with significant experience in class action and securities litigation to represent the Class. The firm resumes of proposed Lead Counsel, Brower Piven, and proposed Liaison Counsel, Rigrodsky & Long, are attached as Exhibits D and E, respectively, to the Long Declaration.

### 2. The Dole Investor Group Has the Largest Financial Interest

According to 15 U.S.C. §78u-4(a)(3)(B)(iii), the Court shall appoint as Lead Plaintiff the movant or movants who have the largest financial interest in the relief sought by the action. *See In re Cavanaugh,* 306 F.3d 726, 732 (9th Cir. 2002) ("So long as the plaintiff with the largest losses satisfies the typicality and adequacy requirements, he is entitled to lead plaintiff status. . . ."). As demonstrated by Exhibit B to the Long Declaration, the Dole Investor Group has losses of approximately $258,628.04 using the methodology mandated by *Dura Pharms., Inc. v. Broudo*,

544 U.S. 336, 338 (2005), and approved and recognized as the appropriate method for calculating losses in various jurisdictions around the country.[4] Therefore, the Dole Investor Group satisfies the PSLRA's prerequisite of having "the largest financial interest in the relief sought by the class." 15 U.S.C. §78u-4(a)(3)(B)(iii)(I)(cc).

### 3. The Dole Investor Group Satisfies the Requirements of Rule 23

In addition to possessing a significant financial interest, a lead plaintiff must also "otherwise satisf[y] the requirements of Rule 23 of the Federal Rules of Civil Procedure." 15 U.S.C. §78u-4(a)(3)(B)(iii)(I)(cc). Of the four prerequisites to class certification outlined in Fed. R. Civ. P. 23, only two – typicality and adequacy – are recognized as appropriate for consideration at this stage. Consequently, in deciding a motion to serve as Lead Plaintiff, the Court should limit its inquiry to the typicality and adequacy prongs of Rule 23(a), and defer examination of the remaining requirements until the Lead Plaintiff moves for class certification. *See City of Roseville Employees' Ret. Sys. v. Horizon Lines, Inc.*, No. 08-969, 2009 U.S. Dist. LEXIS 62572, at *4-*5 (D. Del. June 18, 2009).

As detailed below, the Dole Investor Group satisfies the typicality and adequacy requirements of Rule 23(a). The typicality requirement of Rule 23(a)(3) is satisfied when the representative plaintiff's claims arise from the same event or course of conduct that gives rise to claims of other class members, and when the claims are based on the same legal theory. *See In*

---

[4] Courts have approved and recognized this method as the appropriate method for calculating losses. *See, e.g.*, *Marjanian v. Allied Nevada Gold Corp.*, No. 3:14-cv-0175-LRH-WGC, Order (D. Nev. Nov. 7, 2014); *Espinoza v. Whiting*, No. 4:12-1711, 2013 U.S. Dist. LEXIS 6227, at *10 (E.D. Mo. Jan. 16, 2013); *Prefontaine v. Research In Motion Ltd.*, No. 11-4068, 2012 U.S. Dist. LEXIS 4238, at *9-*10 (S.D.N.Y. Jan. 5, 2012); *K-V Pharm. Co. Sec. Litig.*, No. 4:11-1816, 2012 U.S. Dist. LEXIS 62161, at *11 (E.D. Mo. May 3, 2012); *Shah v. GenVec, Inc.*, No. 8:12-00341, Order (D. Md. Apr. 26, 2012); *Perlmutter v. Intuitive Surgical, Inc.*, No. 10-03451, 2011 U.S. Dist. LEXIS 16813, at *15 (N.D. Cal. Feb. 15, 2011); *In re Comverse Tech., Inc. Sec. Litig.*, No. 06-01825, 2007 U.S. Dist. LEXIS 14878, at *13 (E.D.N.Y. Mar. 2, 2007).

*re Vicuron Pharms., Inc. Sec. Litig*., 225 F.R.D. 508, 511 (E.D. Pa. 2004). The adequacy requirement is met if no conflicts exist between the representative and class interests, and the representative's attorneys are qualified, experienced and generally able to conduct the litigation. *Id.* at 511-12.

Here, the Dole Investor Group meets the typicality and adequacy requirements because, like all other members of the purported class, its members sold the Company's common stock during the Class Period in reliance upon Defendants' false and misleading statements and suffered damages thereby. Because the Dole Investor Group's claims are premised on the same legal and remedial theories as the Class' claims, and are based on the same types of alleged misrepresentations and omissions, typicality is satisfied. Additionally, the Dole Investor Group is not subject to any unique defenses, and there is no evidence of any conflicts between the Dole Investor Group and the other members of the class. The Dole Investor Group therefore satisfies the required *prima facie* showing of the typicality and adequacy requirements of Rule 23 for the purposes of this Motion.

## II. THE COURT SHOULD APPROVE THE DOLE INVESTOR GROUP'S CHOICE OF COUNSEL

The PSLRA vests authority in the lead plaintiff to select and retain counsel to represent the Class, subject to the Court's approval. 15 U.S.C. §78u-4(a)(3)(B)(v). The Dole Investor Group has selected Brower Piven as Lead Counsel and Rigrodsky & Long as Liaison Counsel for the Class. Brower Piven and Rigrodsky & Long have not only prosecuted complex securities fraud class actions, but have also successfully prosecuted many other types of complex class actions as lead and/or class counsel. *See* Long Decl., Exhibits D & E. This Court may be assured that in the event that the Dole Investor Group's motion is granted, the members of the Class will receive the highest caliber of legal representation.

## **CONCLUSION**

For all of the foregoing reasons, the Dole Investor Group respectfully requests that this Court enter an order (1) appointing it to serve as Lead Plaintiff; (2) approving its selection of Lead Counsel and Liaison Counsel for the Class; and (3) granting such other and further relief as the Court may deem just and proper.

Dated: February 8, 2016

**RIGRODSKY & LONG, P.A.**

*/s/ Brian D. Long*
Brian D. Long (#4347)
2 Righter Parkway, Suite 120
Wilmington, DE 19803
Tel: (302) 295-5310
Fax: (302) 654-7530
Email: bdl@rl-legal.com

*Counsel for the Dole Investor Group and Proposed Liaison Counsel for the Class*

Charles J. Piven
Yelena Trepetin
**BROWER PIVEN**
  A Professional Corporation
1925 Old Valley Road
Stevenson, MD 21153
Telephone: (410) 332-0030
Facsimile: (410) 685-1300
Email: piven@browerpiven.com
Email: trepetin@browerpiven.com

*Counsel for the Dole Investor Group and Proposed Lead Counsel for the Class*