# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| SAN ANTONIO FIRE & POLICE PENSION FUND and FIRE AND POLICE HEALTH CARE FUND, SAN ANTONIO,<br><br>Plaintiffs,<br><br>v.<br><br>DOLE FOOD COMPANY, INC., DAVID H. MURDOCH and C. MICHAEL CARTER,<br><br>Defendants. | No. 1:15-cv-01140-SLR<br><br>CLASS ACTION<br><br><br><br>ORAL ARGUMENT REQUESTED |

**MEMORANDUM OF LAW IN SUPPORT OF THE MOTION OF
SAN ANTONIO FIRE AND POLICE PENSION FUND, FIRE & POLICE HEALTH
CARE FUND, SAN ANTONIO, PROXIMA CAPITAL MASTER FUND, LTD., AND THE
ARBITRAGE FUND FOR APPOINTMENT AS LEAD PLAINTIFF
AND APPROVAL OF THEIR SELECTION OF LEAD COUNSEL**

Joel Friedlander (Bar No. 3163)
Jeffrey M. Gorris (Bar No. 5012)
Christopher Foulds (Bar No. 5169)
**FRIEDLANDER & GORRIS, P.A.**
1201 N. Market Street, Suite 2200
Wilmington, Delaware 19801
(302) 573-3500

*Local Counsel for Proposed Lead Plaintiff
the Dole Institutional Investor Group*

Gerald H. Silk
Mark Lebovitch
Katherine M. Sinderson
**BERNSTEIN LITOWITZ BERGER &
 GROSSMANN LLP**
1251 Avenue of the Americas
New York, New York 10020
Telephone: (212) 554-1400
Facsimile:  (212) 554-1444

Vincent R. Cappucci
Jordan A. Cortez
Alexander Schlow
**ENTWISTLE & CAPPUCCI LLP**
280 Park Avenue, 26th Floor
New York, New York 10017
Telephone:  (212) 894-7200
Facsimile:  (212) 894-7272

*Counsel for Proposed Lead Plaintiff the Dole
Institutional Investor Group and Proposed
Lead Counsel for the Class*

Dated: February 8, 2016

{FG-W0404178.}

**TABLE OF CONTENTS**

TABLE OF AUTHORITIES ................................................................................................... ii

PRELIMINARY STATEMENT .............................................................................................. 1

STATEMENT OF FACTS ....................................................................................................... 4

ARGUMENT ............................................................................................................................ 6

    I.    The Dole Institutional Investor Group Should Be Appointed Lead Plaintiff ....................................................................................................... 6

        A.    The Dole Institutional Investor Group's Motion Is Timely ............ 6

        B.    The Dole Institutional Investor Group Has The Largest Financial Interest In The Relief Sought By The Class ................... 7

        C.    Aggregation Of The Dole Institutional Investor Group's Financial Interest Is Appropriate ..................................... 7

        D.    The Dole Institutional Investor Group Satisfies The Requirements Of Rule 23 ................................................................. 9

    II.    The Court Should Approve the Dole Institutional Investor Group's Selection Of Lead Counsel ....................................................................... 12

CONCLUSION ....................................................................................................... 15

# **TABLE OF AUTHORITIES**

**CASES**          **PAGE(S)**

*In re Appraisal of Dole Food Co., Inc.*,
    C.A. No. 9079-VCL (Del. Ch.) ..................................................................................................1

*Baby Neal v. Casey*,
    43 F.3d 48 (3d Cir. 1994) ........................................................................................................10

*In re Cendant Corp. Litig.*,
    264 F.3d 201 (3d Cir. 2001) .........................................................................................6, 7, 8, 11

*In re Dole Food Co., Inc. Stockholder Litig.*,
    C.A. No. 8703-VCL (Del. Ch.) ..................................................................................................1

*In re Molson Coors Brewing Co. Sec. Litig.*,
    233 F.R.D. 147 (D. Del. 2005) ....................................................................................8, 10, 12

*OFI Risk Arbitrages v. Cooper Tire & Rubber Co.*,
    63 F. Supp. 3d 394 (D. Del. 2014) ............................................................................................8

*City of Roseville Emps.' Ret. Sys. v. Horizon Lines Inc.*,
    No. 08-969, 2009 WL 1811067 (D. Del. June 18, 2009) ...............................................7, 9, 10

*In re Vicuron Pharm., Inc. Sec. Litig.*,
    225 F.R.D. 508 (E.D. Pa. 2004) ..............................................................................................11

*In re Wilmington Trust Sec. Litig.*,
    No. 10-cv-990-SLR, slip op. (D. Del. Mar. 7, 2011) .................................................................8

**RULES AND STATUTES**

Fed. R. Civ. P. 23(a)(4) ..................................................................................................................10

15 U.S.C. § 78u-4(a)(3)(A) ..............................................................................................................6

15 U.S.C. § 78u-4(a)(3)(B) ..................................................................................................... *passim*

**OTHER AUTHORITIES**

H.R. Conf. Rep. No. 104-369 (1995), *reprinted in* 1995 U.S.C.C.A.N. 730 (1995) .....................11

San Antonio Fire and Police Pension Fund, Fire & Police Health Care Fund, San Antonio (collectively, the "San Antonio F&P Funds"), Proxima Capital Master Fund, Ltd. ("Proxima") and The Arbitrage Fund ("The Arbitrage Fund") (collectively, the "Dole Institutional Investor Group") respectfully submit this memorandum of law in support of their motion: (1) to be appointed Lead Plaintiff pursuant to Section 21D(a)(3)(B) of the Securities Exchange Act of 1934 (the "Exchange Act"), 15 U.S.C. § 78u-4(a)(3)(B), as amended by the Private Securities Litigation Reform Act of 1995 (the "PSLRA"); (2) for approval of their selection of Bernstein Litowitz Berger & Grossmann LLP ("Bernstein Litowitz") and Entwistle & Cappucci LLP ("Entwistle & Cappucci") as Lead Counsel; and (3) for any such further relief as the Court may deem just and proper.

## PRELIMINARY STATEMENT

This action arises out Defendants' fraudulent scheme to acquire all formerly outstanding publicly traded shares of common stock of Dole at an artificially low price in order to convert the Company into a privately-held enterprise owned solely by Defendant Murdock (the "Going Private Transaction").[1] Defendants' fraudulent scheme was painstakingly detailed in a nine day trial in a related action in the Court of Chancery of the State of Delaware (the "Chancery Court Action"). *See In re Dole Food Co., Inc. Stockholder Litig.*, C.A. No. 8703-VCL (Del. Ch.); *In re Appraisal of Dole Food Co., Inc.*, C.A. No. 9079-VCL (Del. Ch.). On August 27, 2015, Vice Chancellor J. Travis Laster issued his 106-page post-trial Memorandum Opinion finding that Murdock and Carter breached their fiduciary duty of loyalty and engaged in "intentional" and "bad faith" conduct in connection with the Going Private Transaction. The Chancery Court

---

[1] Defendants are Dole Food Company, Inc. ("Dole" or the "Company"), David H. Murdock ("Murdock"), Dole's former Chairman and Chief Executive Officer, and C. Michael Carter ("Carter"), Dole's former President, Chief Operating Officer, General Counsel and Corporate Secretary.

{FG-W0404178.}

further found that Carter "engaged in fraud." The Chancery Court held Defendants Murdock and Carter jointly and severally liable for damages over $148 million, to be paid to holders of Dole stock as of November 1, 2013.

On December 9, 2015, the San Antonio F&P Funds filed this securities class action (the "Action") against Defendants on behalf of sellers of Dole's publicly traded common stock between January 2, 2013 and October 31, 2013, inclusive (the "Class Period"). Dole investors, including members of the Dole Institutional Investor Group, incurred significant harm as a result of Defendants' fraudulent scheme to artificially depress Dole's common stock price so that Murdock could acquire all publicly held shares of Dole, one of the world's largest producers of fresh fruit and vegetables, at the lowest price possible and convert the Company into a privately-held organization.

Subsequent to the initiation of this Action, the San Antonio F&P Funds and Proxima, and through coordinated efforts with The Arbitrage Fund, filed an objection to the proposed post-trial settlement in the Chancery Court Action due to the proposed settlement's global release of all potential claims against Defendants, including the federal securities claims asserted in this Action (the "Objection"). Given this overly broad and unsupportable release which threatened to release the valuable claims asserted in this Action without any compensation, members of the Dole Institutional Investor Group worked together to ensure that the Class's rights were protected. This effort was successful and the parties to the proposed settlement clarified the scope of the release to exclude federal securities claims on Friday, February 5, 2016. The members of the Dole Institutional Investor Group further determined that it was in the best interests of the Class for the Dole Institutional Investor Group to move for Lead Plaintiff appointment in this Action.

Pursuant to the PSLRA, the "most adequate plaintiff" that the Court must appoint to serve as Lead Plaintiff is the "person or group of persons" that has the "largest financial interest" in the relief sought by the Class in this litigation and also is a typical and adequate class representative under Rule 23 of the Federal Rules of Civil Procedure ("Rule 23").  15 U.S.C. § 78u-4(a)(3)(B)(iii)(I).  Having sold 3.5 million Dole shares during the Class Period, the Dole Institutional Investor Group respectfully submits that it is the "most adequate" plaintiff.[2]  The Dole Institutional Investor Group further satisfies the relevant requirements of Rule 23 because its claims are typical of the other Class members, and it will fairly and adequately represent the Class.  Moreover, the Dole Institutional Investor Group has already demonstrated its commitment and dedication to representing the interests of the Class, as the only Dole investors to file a complaint asserting securities fraud claims against Defendants and by successfully pursuing the Objection in the Chancery Court Action.

Indeed, the Dole Institutional Investor Group is a paradigmatic Lead Plaintiff under the PSLRA.  The Dole Institutional Investor Group is comprised of: (i) the San Antonio F&P Funds, public pension and healthcare funds with assets under management in excess of $3 billion, representing the interests of San Antonio police and fire public employees; (ii) Proxima, a New York-based investment advisory firm that, prior to the Dole merger, owned and/or controlled in excess of 2% of the publicly held shares of Dole common stock; and (ii) The Arbitrage Fund, a New York-based publicly traded mutual fund (NASDAQ: ARBDX) having assets under management in excess of over $1.97 billion primarily investing in the securities of companies involved in the announcement of public corporate transactions and managed by a team of

---

[2] San Antonio F&P Funds', Proxima's, and The Arbitrage Fund's PSLRA-required Certifications are attached as Exhibit A to the Declaration of Joel Friedlander in Support of Motion of the San Antonio F&P Funds, Proxima, and The Arbitrage Fund for Appointment as Lead Plaintiff and Approval of Their Selection of Lead Counsel (herein, the "Friedlander Decl.").

portfolio managers having years of industry experience. Each fund is a sophisticated institutional investor with a real financial interest in the litigation, which provides the Dole Institutional Investor Group with the incentive and ability to supervise and monitor counsel. Further, the Dole Institutional Investor Group fully understands the Lead Plaintiff's obligations to the Class under the PSRLA, and is willing and able to undertake the responsibilities entailed in acting as Lead Plaintiff to guarantee vigorous prosecution of this Action, as evidenced by the actions already taken by the Dole Institutional Investor Group on behalf of the Class. The Dole Institutional Investor Group has selected Bernstein Litowitz and Entwistle & Cappucci, law firms with substantial experience in successfully prosecuting securities class actions, to serve as Lead Counsel for the Class.

Accordingly, the Dole Institutional Investor Group respectfully requests that the Court appoint it Lead Plaintiff and otherwise grant its motion.

## STATEMENT OF FACTS

As noted above, this Action arises from Defendants' fraudulent scheme to artificially lower the price of Dole's common stock to facilitate the acquisition of the Company from its public shareholders on the cheap by Defendant Murdock. The Action alleges that Defendants made a series of materially false and misleading negative statements, and omitted material facts, about the Company's operations and finances that were intended to deceive the investing public and artificially depress the price of Dole's stock. Defendants' scheme resulted in Murdock purchasing Dole, Murdock's long-standing goal since the Company went private in 2009, for approximately $1.6 billion on November 1, 2013, the first day after the end of the Class Period. The Delaware Court of Chancery subsequently held that the price paid was inadequate, and was the result of "intentional" and "bad faith" conduct and that Defendant Carter "engaged in fraud."

Specifically, plaintiffs in this Action allege that on January 2, 2013, Defendants began releasing false, negative information designed to artificially depress the price of Dole's common stock. Specifically, Defendants made materially false and misleading statements concerning: (i) the Company's 2013 earnings guidance; (ii) the cost savings which the Company would achieve through a transaction with ITOCHU Corporation of Japan, one of Dole's partners and distributers; (iii) the true value of Dole's key real estate assets; and (iv) the cancellation of the Company's stock repurchase program in May 2013. As a result of Defendants' material misrepresentations and omissions, the price of Dole shares traded at artificially deflated prices throughout the Class Period. At that time, Defendant Murdock was already secretly scheming to take the Company private.

On June 10, 2013, Defendant Murdock delivered his initial proposal to take Dole private at a price of $12.00 per share. On August 12, 2013, Dole's board of directors announced that Dole and Murdock had entered into and signed a definitive merger agreement by which Murdock would acquire all of the outstanding shares of Dole common stock not currently beneficially held by him for $13.50 per share. The Going Private Transaction closed on November 1, 2013, one day after the end of the Class Period.

On August 27, 2015, Vice Chancellor Laster issued his post-trial opinion in Chancery Court Action finding that Murdock and Carter had breached their fiduciary duty of loyalty to Dole's shareholders. Vice Chancellor Laster found Murdock and Carter to be jointly and severally liable for damages of $148.19 million to Dole shareholders who actually tendered Dole stock in the Going Private Transaction. Vice Chancellor Laster also concluded that Murdock's final offer of $13.50 per share was materially deficient and based upon the fraudulent scheme to depress the price of Dole stock, and ordered that all Dole shareholders whose shares were

5

purchased by Murdock in the Going Private Transaction were entitled to receive an additional $2.74 per share, putting the "conservative" fair value for acquisition of Dole stock by Murdock at $16.24 per share.

Dole investors who sold Dole shares prior to the Going Private Transaction received no compensation in the Chancery Court Action. The Dole Institutional Investor Group asserts claims on behalf of those investors, alleging that investors that sold Dole shares prior to the Going Private Transaction were damaged by Defendants' fraudulent scheme to deflate the price of Dole's common stock.

## ARGUMENT

### I. The Dole Institutional Investor Group Should Be Appointed Lead Plaintiff

The Dole Institutional Investor Group respectfully submits that it should be appointed Lead Plaintiff because it is the movant "most capable of adequately representing the interests of class members." 15 U.S.C. § 78u-4(a)(3)(B)(i); *see also In re Cendant Corp. Litig.*, 264 F.3d 201, 222 (3d Cir. 2001). The PSLRA sets forth the procedure for selecting the Lead Plaintiff in class actions arising under the federal securities laws and provides a presumption in favor of the "person or group of persons" who has the "largest financial interest" in the relief sought by the Class and satisfies the relevant requirements of Rule 23. 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I). As set forth below, the Dole Institutional Investor Group believes it is the "most adequate plaintiff" and should be appointed as Lead Plaintiff.

#### A. The Dole Institutional Investor Group's Motion Is Timely

The Court's selection of the Lead Plaintiff is limited to those members of the Class who filed a complaint or filed a motion for appointment as Lead Plaintiff. *See* 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I)(aa). Such motions must be filed within 60 days of the publication of notice that the first action asserting substantially the same claims has been filed. *See* 15 U.S.C. § 78u-

4(a)(3)(A). On December 10, 2015, the day after this Action was filed, the San Antonio F&P Funds caused a notice of the pendency of the Action to be published on *Marketwired*, alerting investors that the deadline to seek appointment as Lead Plaintiff is February 8, 2016. *See* Friedlander Decl., Ex. B. The Dole Institutional Investor Group is a proper candidate for appointment as Lead Plaintiff by virtue of filing this motion within 60 days of the publication of that notice.

### B. The Dole Institutional Investor Group Has The Largest Financial Interest In The Relief Sought By The Class

The Dole Institutional Investor Group should be appointed Lead Plaintiff on the basis of its large financial interest in the relief sought by the Class. *See* 15 U.S.C. § 78u-4(a)(3)(B)(iii); *see also City of Roseville Emps.' Ret. Sys. v. Horizon Lines Inc.*, No. 08-969, 2009 WL 1811067, at *1 (D. Del. June 18, 2009) (citing *In re Cendant*, 264 F.3d at 264). As demonstrated herein, the Dole Institutional Investor Group sold over 3.5 million Dole shares during the Class Period, and, consequently, incurred substantial harm as a result of Defendants' conduct. *See* Friedlander Decl., Ex. A. To the best of the Dole Institutional Investor Group's knowledge, there are no other applicants who have sought, or are seeking, Lead Plaintiff appointment that have a larger financial interest in the litigation. Accordingly, the Dole Institutional Investor Group has the largest financial interest of any qualified movant seeking Lead Plaintiff status, and is the presumptive "most adequate plaintiff." 15 U.S.C. § 78u-4(a)(3)(B)(iii).

### C. Aggregation Of The Dole Institutional Investor Group's Financial Interest Is Appropriate

The appointment of a group of class members as Lead Plaintiff is expressly permitted by the PSLRA. *See* 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I) ("the most adequate plaintiff in any private action arising under this chapter is the person or ***group of persons*** . . .") (emphasis added). In addition, the Third Circuit and district courts within the Third Circuit have recognized the

7

propriety of appointing such groups that are capable of "fairly and adequately protect[ing] the interests of the class." *In re Cendant*, 264 F.3d at 266 ("The statute contains no requirement mandating that the members of a proper group be 'related' in some manner; it requires only that any such group 'fairly and adequately protect the interests of the class.'"); *OFI Risk Arbitrages v. Cooper Tire & Rubber Co.*, 63 F. Supp. 3d 394, 411 (D. Del. 2014) (appointing as Lead Plaintiff a group of institutional investors); *In re Wilmington Trust Sec. Litig.*, No. 10-cv-990-SLR, slip op. (D. Del. Mar. 7, 2011), D.I. 26 (Robinson, J.) (Friedlander Decl., Ex. C) (appointing as Lead Plaintiff a group of five institutional investors); *In re Molson Coors Brewing Co. Sec. Litig.*, 233 F.R.D. 147, 153 (D. Del. 2005) (appointing as Lead Plaintiff a group of institutional investors).

The Dole Institutional Investor Group is comprised of sophisticated institutional investors that have demonstrated their commitment to working cohesively as a group in the prosecution of this action. The Dole Institutional Investor Group has already taken steps to protect class members' rights in this action. For example, the San Antonio F&P Funds investigated investors' claims and filed the first complaint against Defendants asserting violations of the federal securities laws. *See* D.I. 1. Similarly, prior to this litigation, Proxima and The Arbitrage Fund conducted their own investigation and assessment of federal securities claims which exist as a result of the facts detailed herein, and have been closely working with the San Antonio F&P Funds in the Chancery Court Action and in this Action to ensure that Class Members' interests are protected.

Perhaps even more significantly, the San Antonio F&P Funds and Proxima (in coordination with and support by The Arbitrage Fund) have already taken decisive action to protect the interests of Class members in this Action. As stated above, the parties in the Chancery Court Action proposed a post-trial settlement that arguably released the federal

{FG-W0404178.}

securities claims at issue in this Action. This was notwithstanding the fact that those claims were not (and could not have been) prosecuted in the Chancery Court and sellers of Dole stock would not receive any benefit from that proposed settlement. Accordingly, the San Antonio F&P Funds and Proxima filed the Objection to the proposed settlement in order to protect the rights of sellers of Dole stock. *See* Friedlander Decl., Ex. D (the "Objection"). Through the Objection, the Dole Institutional Investor Group has taken active steps to challenge the release in the proposed settlement as overbroad, to the extent that it does not expressly carve out the securities fraud claims asserted in this Action. *See id.* Rather than oppose the Objection, the parties to the Chancery Court Action agreed to clarify the scope of the release to make it clear that it did not release any federal securities claims. *See* Friedlander Decl., Ex. E ¶15.

Further, the Dole Institutional Investor Group's interests are perfectly aligned with the interests of all Class members and are not antagonistic in any way. Each member of the Dole Institutional Investor Group submitted a sworn Certification attesting to its willingness, commitment, and desire to oversee the prosecution of this case efficiently, and separate and apart from their lawyers. *See* Friedlander Decl., Ex. A. Through those Certifications, the Dole Institutional Investor Group accepts the fiduciary obligations it will assume if appointed Lead Plaintiff, and will zealously represent the interests of all Class members.

Because the Dole Institutional Investor Group comprises a small, cohesive group of sophisticated investors with the capacity to reach consensus decisions, its financial interests are properly aggregated for purposes of this motion.

### D.  The Dole Institutional Investor Group Satisfies The Requirements Of Rule 23

In addition to possessing the largest financial interest in the outcome of the litigation, the Dole Institutional Investor Group otherwise satisfies the requirements of Rule 23. *See* 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I)(cc). On a motion to serve as Lead Plaintiff, the movant need only make a

9
{FG-W0404178.}

preliminary showing that it satisfies Rule 23's typicality and adequacy requirements. *See Horizon Lines*, 2009 WL 1811067, at *2 ("Our inquiry here 'need not be extensive,' and 'institutional investors and others with large losses will, more often than not, satisfy the typicality and adequacy requirements.'") (citation omitted). Here, the Dole Institutional Investor Group unquestionably satisfies both requirements.

Each member of the Dole Institutional Investor Group asserts claims that are typical of the claims of other members of the Class. Typicality can be established by showing that the proposed class representative's individual circumstances and legal theories upon which the claims are based are not markedly different from those of other class members. *See In re Molson Coors*, 233 F.R.D. at 152 ("[T]ypicality [] does not require that all putative class members share identical claims.") (citing *In re Warfarin Sodium Antitrust Litig.*, 391 F.3d 516, 531-32 (3d Cir. 2004)). "Indeed, even relatively pronounced factual differences will generally not preclude a finding of typicality where there is a strong similarity of legal theories." *Id*. at 153 (citing *Baby Neal v. Casey*, 43 F.3d 48, 58 (3d Cir. 1994)). Here, the Dole Institutional Investor Group's circumstances and legal claims are substantively identical to the individual circumstances and legal claims of the other Class members. Like all other Class members, the Dole Institutional Investor Group: (1) sold Dole common stock during the Class Period; (2) at prices allegedly artificially depressed by Defendants' materially false and misleading statements and/or omissions of material fact; and (3) were damaged thereby. *See Horizon Lines*, 2009 WL 1811067, at *2 (finding "no evidence" of different claims or legal theories arising out of harm incurred as a result of defendant's alleged Exchange Act violations). Accordingly, the Dole Institutional Investor Group is a typical class representative.

The Dole Institutional Investor Group likewise satisfies the adequacy requirement of Rule 23. Under Rule 23(a)(4) of the Federal Rules of Civil Procedure, the representative party must "fairly and adequately protect the interests" of all class members. Fed. R. Civ. P. 23(a)(4). Representation is adequate when the Lead Plaintiff "has the ability and incentive to represent the claims of the class vigorously," has "obtained adequate counsel," and its interests are sufficiently aligned with those of absent class members. *In re Cendant*, 264 F.3d at 265 (citation omitted). The Dole Institutional Investor Group satisfies these elements because its substantial financial stake in the litigation provides the ability and incentive to vigorously represent the Class' claims. Indeed, its interests are perfectly aligned with those of the other Class members and are not antagonistic in any way. There are no facts to suggest any actual or potential conflict of interest or other antagonism between the Dole Institutional Investor Group and other Class members.

Further, the Dole Institutional Investor Group is comprised of the very sort of Lead Plaintiffs envisioned by Congress in its enactment of the PSLRA—sophisticated institutional investors with a substantial financial interest in the litigation. *See* H.R. Conf. Rep. No. 104-369, at *34 (1995), *reprinted in* 1995 U.S.C.C.A.N. 730, 733 (1995) (explaining that "increasing the role of institutional investors in class actions will ultimately benefit shareholders and assist courts by improving the quality of representation in securities class actions"); *In re Vicuron Pharm., Inc. Sec. Litig.*, 225 F.R.D. 508, 511 (E.D. Pa. 2004) ("Under the PSLRA, institutional investors are considered preferred lead plaintiffs. . . the PSLRA sought 'to increase the likelihood that institutional investors will serve as lead plaintiffs.'") (citation omitted).

Finally, the Dole Institutional Investor Group has demonstrated its adequacy through its selection of Bernstein Litowitz and Entwistle & Cappucci as Lead Counsel to represent the Class. As discussed more fully below, Bernstein Litowitz and Entwistle & Cappucci are highly

qualified and experienced in securities class action litigation, having repeatedly demonstrated an ability to conduct complex securities class action litigation effectively. Moreover, as part of their formal retention of Bernstein Litowitz and Entwistle & Cappucci, each member of the Dole Institutional Investor Group negotiated a reasonable fee agreement with counsel to promote the ardent prosecution of this litigation in an efficient and cost-effective manner. In addition, the Dole Institutional Investor Group has instructed Bernstein Litowitz and Entwistle & Cappucci to ensure that the actions are prosecuted in such a manner.

## II. THE COURT SHOULD APPROVE THE DOLE INSTITUTIONAL INVESTOR GROUP'S SELECTION OF LEAD COUNSEL

The Court should approve the Dole Institutional Investor Group's selection of Bernstein Litowitz and Entwistle & Cappucci as Lead Counsel on behalf of the Class. Pursuant to 15 U.S.C. § 78u-4(a)(3)(B)(v), a movant shall, subject to Court approval, select and retain counsel to represent the class it seeks to represent, and the Court should not disturb Lead Plaintiff's choice of counsel unless it is necessary to "protect the interests of the class." 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II)(aa); *see also In re Molson Coors*, 233 F.R.D. at 150 ("Once the lead plaintiff is chosen, that party is primarily responsible for selecting lead counsel.").

Bernstein Litowitz and Entwistle & Cappucci are among the preeminent securities class action law firms in the country. *See* Bernstein Litowitz's Firm Résumé, Friedlander Decl., Ex. F; Entwistle & Cappucci's Firm Résumé, Friedlander Decl., Ex. G.

Bernstein Litowitz served as Lead Counsel in *In re WorldCom, Inc. Securities Litigation*, No. 02-cv-03288-DLC (S.D.N.Y.), in which settlements totaling in excess of $6 billion—one of the largest recoveries in securities class action history—were obtained for the Class. Recently, Bernstein Litowitz secured a resolution of $2.43 billion in *In re Bank of America Corp. Securities, Derivative & ERISA Litigation*, No. 09-md-2058-PKC (S.D.N.Y.), and a $730 million

settlement in *In re Citigroup Inc. Bond Litigation*, No. 08-cv-9522-SHS (S.D.N.Y.) on behalf of the Class. Bernstein Litowitz also served as Co-Lead Counsel in *In re Cendant Corporation Securities Litigation*, No. 98-cv-01664-WHW-ES (D.N.J.) in this Circuit, in which settlements in excess of $3 billion in cash and extensive corporate governance reforms were obtained on behalf of the class.

Also in this Circuit, Bernstein Litowitz recently served as Co-Lead Counsel in *In re Schering-Plough Corporation/Enhance Litigation*, No. 08-cv-0397-DMC-JAD (D.N.J.) and *In re Merck & Co. Inc. Vytorin/Zetia Securities Litigation*, No. 08-cv-2177-DMC-JAD (D.N.J.), in which combined settlements of $688 million were obtained on behalf of investors. Other cases in which courts in the Third Circuit, including courts in this District, have recognized Bernstein Litowitz as adequate and qualified class counsel include: *In re Wilmington Trust Securities Litigation*, No. 10-cv-0990-SLR (D. Del.) (Bernstein Litowitz currently serving as Co-Lead Counsel) and *In re Lucent Technologies, Inc. Securities Litigation*, No. 00-cv-0621-JAP-MCA (D.N.J.) (recovering $667 million for investors).

Entwistle & Cappucci has extensive experience in securities litigation, successfully prosecuting some of the largest and most complex class actions in history. As detailed in its Firm Résumé, *see* Friedlander Decl., Ex. G, Entwistle & Cappucci has distinguished itself as one of the nation's premier complex litigation firms, regularly pursuing multi-jurisdictional cases against well-funded opponents, like large corporations and financial institutions. The firm has served in a leadership capacity in some of the highest-profile securities litigation matters in recent years.

Entwistle & Cappucci's recent leadership appointments include, *inter alia*: (1) *In re MF Global Holdings LTD. Investment Litigation*, No. 12-md-2338-VM (S.D.N.Y.), where Entwistle

13

& Cappucci—appointed Co-Lead Counsel for the customer class—is working with the SIPA Trustee in an effort to recover all $1.6 billion in net equity lost by MF Global commodity customers; (2) *In re Tribune Company Fraudulent Conveyance Litigation*, No. 11-md-2296-WHP (S.D.N.Y.), where Entwistle & Cappucci—appointed by Judge William Pauley as Co-Liaison Defense Counsel gained dismissal of the state law constructive fraudulent conveyance claims against former shareholders who tendered shares in the Tribune Company's $8 billion leveraged-buy-out; and (3) *In re Tremont Securities Law, State Law, and Insurance Litigation*, No. 08-cv-11117-TPG (S.D.N.Y.), where Entwistle & Cappucci—again collaborating with the SIPA Trustee—worked to structure and negotiate the resolution of the litigation, securing a $2.9 billion dollar bankruptcy claim, and an additional $100 million settlement against the other defendants.

Other significant cases in which Entwistle & Cappucci served in a leadership capacity and obtained significant recoveries on behalf of the respective classes include: *In re Royal Ahold Securities Litigation,* No. 03-md-01539-CCB (D. Md.) (Entwistle & Cappucci served as Lead Counsel representing the Public Employees' Retirement Association of Colorado as Lead Plaintiff, recovering a $1.1 billion partial settlement of the action, representing approximately 40% of estimated provable damages); and *In re BankAmerica Corp. Securities Litigation*, No. 99-1264-CEJ (E.D. Mo.) (Entwistle & Cappucci recovered $490 million for investors, representing the second largest post-PSLRA securities class action settlement at the time).

Moreover, Bernstein Litowitz and Entwistle & Cappucci have a history of jointly prosecuting securities fraud class actions, particularly in this District. For example, the firms served as Co-Lead Counsel in *In re DaimlerChrysler Securities Litigation*, No. 00-cv-0993-LPS (D. Del.), representing Lead Plaintiff the Florida State Board of Administration. Lead Counsel's

14

efforts, which included full summary judgment submissions and pre-trial orders, resulted in a $300 million recovery—one of the largest settlements of a non-financial restatement securities fraud class action in this District. Moreover, Bernstein Litowitz and Entwistle & Cappucci are currently serving as Co-Lead Counsel in *OFI Risk Arbitrages v. Cooper Tire & Rubber Co.*, No. 14-cv-0068-RGA (D. Del.) and *In re Cobalt International Energy, Inc. Securities Litigation*, No. 4:14-cv-03428 (S.D. Tex.).

Accordingly, the Court should approve the Dole Institutional Investor Group's selection of Bernstein Litowitz and Entwistle & Cappucci as Lead Counsel for the Class.

## CONCLUSION

For the reasons discussed above, the Dole Institutional Investor Group respectfully requests that the Court: (1) appoint it to serve as Lead Plaintiff pursuant to Section 21D(a)(3)(B) of the Exchange Act, 15 U.S.C. § 78u-4(a)(3)(B); (2) approve its selection of Bernstein Litowitz and Entwistle & Cappucci as Lead Counsel for the Class; and (3) grant such other relief as the Court may deem just and proper.

DATED: February 8, 2016                                    Respectfully Submitted,

 */s/ Joel Friedlander*
Joel Friedlander (Bar No. 3163)
Jeffrey M. Gorris (Bar No. 5012)
Christopher Foulds (Bar No. 5169)
**FRIEDLANDER & GORRIS, P.A.**
1201 N. Market Street, Suite 2200
Wilmington, Delaware 19801
(302) 573-3500
jfriedlander@friedlandergorris.com
jgorris@friedlandergorris.com
cfoulds@friedlandergorris.com

*Local Counsel for Proposed Lead Plaintiff the Dole Institutional Investor Group*

15

Gerald H. Silk
Mark Lebovitch
Katherine M. Sinderson
**BERNSTEIN LITOWITZ BERGER & GROSSMANN LLP**
1251 Avenue of the Americas
New York, New York 10020
Telephone: (212) 554-1400
Facsimile: (212) 554-1444
jerry@blbglaw.com
markl@blbglaw.com
katherinem@blbglaw.com


Vincent R. Cappucci
Jordan A. Cortez
Alexander Schlow
**ENTWISTLE & CAPPUCCI LLP**
280 Park Avenue, 26th Floor
New York, New York 10017
Telephone: (212) 894-7200
Facsimile: (212) 894-7272
vcappucci@entwistle-law.com
jcortez@entwistle-law.com
aschlow@entwistle-law.com


*Counsel for Proposed Lead Plaintiff the Dole Institutional Investor Group and Proposed Lead Counsel for the Class*

16

{FG-W0404178.}