## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| SAN ANTONIO FIRE & POLICE PENSION FUND and FIRE & POLICE HEALTH CARE FUND, SAN ANTONIO, | ) ) ) ) ) |
| Plaintiffs, | ) ) |
| v. | ) Civ. No. 15-1140-SLR |
| DOLE FOOD COMPANY, INC., DAVID H. MURDOCH and C. MICHAEL CARTER, | ) ) ) ) ) |
| Defendants. | ) |

### MEMORANDUM

At Wilmington this 14ᵗʰ day of April, 2016, having reviewed the pending motions

for appointment as lead plaintiff and approval of their selection of lead counsel, as well

as the papers filed in connection therewith, the court will appoint as lead plaintiff the

Dole Institutional Investor Group[1] and their selection as lead counsel, Bernstein Litowitz

Berger & Grossman LLP and Entwistle & Cappucci LLP, for the reasons that follow:

1. **Background.** The above-captioned action arises out of the defendants'

fraudulent scheme to acquire the publicly-held shares of Dole Food Company, Inc. ("the

Company"), one of the world's largest producers of fresh fruit and vegetables, and

convert the Company to a privately-held enterprise owned by defendant David H.

---

[1]Comprised of San Antonio Fire & Police Pension Fund, and Fire & Police Health Care Fund, San Antonio (collectively, the "San Antonio F&P Funds"); Proxima Capital Master Fund, Ltd. ("Proxima"); and The Arbitrage Fund.

Murdoch ("Murdoch"). In order to implement the scheme, defendants made a series of materially false and misleading negative statements about the Company's operations and finances that were intended to deceive the investing public and artificially lower the price of the Company's stock so that Murdoch could purchase the stock cheaply. The Class Period starts on January 2, 2013, with the first release of the false, negative information designed to artificially depress the price of the Company's common stock. Defendants' scheme resulted in Murdoch's purchasing the Company for approximately $1.6 billion on November 1, 2013, the first day after the end of the Class Period.

2. Defendants' fraudulent scheme has been detailed in a post-trial opinion issued by Vice Chancellor J. Travis Laster in related litigation in the Court of Chancery of the State of Delaware, *In re Dole Food Co., Inc. Stockholder Litig.*, Civ. Nos. 8703-VCL, and 9079-VCL, 2015 WL 5052214 (Del. Ch. Aug. 27, 2015) ("the Chancery Court Action"). On December 9, 2015, plaintiffs filed the above-captioned securities class action ("the Class Action") against defendants on behalf of sellers of the Company's publicly-traded common stock between January 2, 2013 and October 31, 2013. Subsequent to the initiation of the Class Action, plaintiffs (with Proxima and through coordinated efforts with The Arbitrage Fund) filed an objection to the proposed post-trial settlement in the Chancery Court Action due to the proposed settlement's global release of all potential claims against defendants, including the federal securities claims asserted in the Class Action. This effort was successful and the parties to the proposed settlement clarified the scope of the release to exclude federal securities claims on February 5, 2016.

3. A number of parties have come forward with motions for appointment as lead

plaintiff, including the Dole Institutional Investor Group; the Dole Investor Group;[2] the

City of Providence, Rhode Island; and Sutton View Capital LLC ("Sutton"). All claim to

be the most adequate plaintiff, in terms of satisfying the requirements identified above.

4. **Standard of review.** The selection of a lead plaintiff, as well as the approval

of a lead plaintiff's counsel, "is committed to the court's discretion." *In re Molson Coors*

*Brewing Co. Sec. Litig.*, 233 F.R.D. 147, 150 (D. Del. 2005). *See also Dutton v. Harris*

*Stratex Networks, Inc.*, 2009 WL 1598408, *2 (D. Del. June 5, 2009). As noted by the

court in *Dutton*, "[i]n exercising this discretion, the Court must nevertheless follow the

procedures set forth in the Private Securities Litigation Reform Act (the "PSLRA")." *Id.*

The PSLRA creates a rebuttable presumption that the most adequate plaintiff is the

person who:

>   (aa) has either filed the complaint or made a motion in response to a notice
>   under subparagraph (A)(i);
>
>   (bb) in the determination of the court, has the largest financial interest in the
>   relief sought by the class; and
>
>   (cc) otherwise satisfies the requirements of Rule 23 of the Federal Rules of
>   Civil Procedure.

15 U.S.C. § 78u-4(a)(3)(B)(iii)(1). "The statute does not provide a methodology for

determining which person has 'the largest financial interest' in the litigation." *Pio v.*

*General Motors Co.*, 2014 WL 5421230, *2 (E.D. Mich. Oct. 24, 2014). Regardless,

courts are in general agreement that the exercise expected of the court at this early

stage of the proceedings in intended to be only an approximation of the parties'

---

[2]Comprised of Daniel R. Long III, the D.R. Long Foundation, and the Daniel R.
Long III Revocable Living Trust.

respective financial interests. *Id.* at *6. Of relevance to the facts at bar, the proposed

class has been characterized as a "seller" class, not a traditional purchaser class. As

explained by the court in *Levie v. Sears, Roebuck & Co.*, 496 F. Supp. 2d 944 (N.D. III.

2007):

> In the traditional purchaser class, any investor who bought and then
> sold before the revelation lowered the price incurred no injury as a
> result of the fraud because the stock was artificially high at the time
> of the sale, as it was at the time of the purchase. In contrast, in the
> instant case, any investor who sold (during the class period) before
> the fraud was revealed incurred injuries because that investor sold
> at a price that was artificially lower than the investor should have
> received. Regardless of the price such an investor paid for the stock,
> the price would have been higher at any point after the [material
> misrepresentations to artificially depress the price of the stock] and
> before [the going private transaction was] disclosed. Consequently,
> that investor would have profited from the disclosure by the difference
> between the share price actually realized and the higher price that
> would have been driven by the disclosures.

*Id.* at 948. The lesson taken from *Levie* is that "losses" in the traditional sense need not

have been sustained and that "in-and-out traders" need not be excluded.

5. **Analysis.** Dole Investor Group asserts that both Sutton and Dole

Institutional Investor Group "were in-and-out traders, net buyers, and realized significant

net profits trading in Dole stock during the Class Period." (D.I. 26 at 5) In this regard,

the record indicates that the Dole Institutional Investor Group sold over 3.5 million

shares of the Company during the Class Period, more shares than any other proposed

lead plaintiff. The fact that Dole Institutional Investor Group did not suffer a loss in the

traditional sense is not dispositive, given that the underlying basis for recovery is the

sale of shares at an artificially depressed price. Aside from the assertion by Dole

Investor Group that Dole Institutional Investor Group did not suffer an economic loss as

4

a result of defendants' misconduct, there is nothing of record to indicate that Dole Institutional Investor Group would not otherwise constitute the most adequate plaintiff. The Dole Institutional Investor Group is comprised of sophisticated institutional investors with significant resources and experience pursuing litigation and monitoring counsel.  Indeed, the Dole Institutional Investor Group has already demonstrated their commitment to working as a group to protect the interests of the class members in this Class Action.

6. **Conclusion.**  For the reasons stated above, the court concludes that the Dole Institutional Investor Group is the most adequate plaintiff and, therefore, the motion filed by the Dole Institutional Investor Group for appointment as lead counsel (D.I. 16) is granted.  Their choice of counsel will be honored as well.   An order to that effect shall issue.

United States District Judge

5